UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00059-FDW

| | |
|---|---|
| JIMMY SEVILLA-BRIONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| MORRIS REID, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon Jimmy Sevilla-Briones's January 21, 2020 pro se Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, challenging his January 24, 2013 state criminal convictions for trafficking methamphetamine and conspiracy to traffic methamphetamine. (Doc. No. 1.) The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to dismiss habeas petitions when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254.

This is Petitioner's third habeas application challenging his January 2013 judgment. The Court dismissed Petitioner's first § 2254 Petition as untimely. Order Dismiss. 2017 § 2254 Pet., Sevilla-Briones v. Perry, No. 3:17-cv-00056-FDW (N.C.W.D.), Doc. No. 8. The Court dismissed Petitioner's second § 2254 Petition as an unauthorized successive habeas application, see 28 U.S.C. § 2244(b)(3)(A). Order Dismiss. 2019 § 2254 Pet., Sevilla-Briones v. Woods, No. 3:19-cv-00047-FDW (N.C.W.D.), Doc. No. 7. As explained in the Order dismissing the 2019 Petition, the Court does not have jurisdiction to consider another habeas petition challenging Petitioner's 2013 judgment unless the Fourth Circuit Court of Appeals has authorized Petitioner

1

to file it.  See id. at 2 (citing Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place"); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.") (citation omitted))).  Once again, Petitioner has not demonstrated that the Fourth Circuit Court of Appeals has authorized him to file a another habeas petition challenging his 2013 judgment.  See § 2244(b)(3)(A).

Petitioner has not paid the $5.00 filing fee or filed a motion to proceed in forma pauperis ("IFP") in this action.  Petitioner likewise did not pay the filing fee or file an IFP motion in either of his previous habeas actions until after the Clerk of Court sent him a deficiency notice.  In the interest of disposing of this case expeditiously, the Court will grant Petitioner IFP status for the purpose of § 2254 Rule 4 review only.  Petitioner is forewarned, however, that future cases may be dismissed without prejudice if he fails to pay the filing fee or file an IFP motion with his complaint or petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner is granted in forma pauperis status for the purpose of § 2254 Rule 4 review only;

2. The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** without prejudice as an unauthorized, successive habeas petition, see 28 U.S.C. § 2244(b)(3); and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing

of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: February 3,

Frank D. Whitney
Chief United States District Judge