# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 3:20-cv-00059-MR

| | |
|---|---|
| **JIMMY SEVILLA-BRIONES,** ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> **ERIK A. HOOKS, Secretary of** ) <br> **Department of Public Safety,**[1] ) <br> ) <br> Respondent. ) <br> _____ ) | **MEMORANDUM OF** <br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 5]; "Petition for Removal of Procedural Judgments" [Doc. 7]; Motions to Amend Petition for Habeas Corpus [Doc. 8; Doc. 9]; Motion to Proceed in Forma Pauperis [Doc. 10]; Motion for Appointment of Counsel [Doc. 12]; and Motion for Stay [Doc. 14].

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" of the petitioner. Rule 2(a), 28 U.S.C. foll. § 2254. North Carolina law mandates that the Secretary of the Department of Public Safety is the custodian of all state inmates and has the power to control and transfer them. See N.C. Gen. Stat. § 148-4 (2017) ("The Secretary of Public Safety shall have control and custody of all prisoners serving sentence in the State prison system[.]"). Accordingly, Erik A. Hooks, the current Secretary of Public Safety, is the proper respondent in this action.

The Petitioner has previously filed a § 2254 petition that was dismissed as untimely. Sevilla-Briones v. Perry, No. 3:17-cv-00056-FDW (W.D.N.C.) at Doc. 8. The Petitioner filed a second § 2254 petition that was dismissed as an unauthorized successive habeas petition. Sevilla-Briones v. Woods, No. 3:19-cv-00047-FDW (W.D.N.C.) at Doc. 7; see 28 U.S.C. § 2244(b)(3)(A). As the Court explained in its Order dismissing the Petitioner's second § 2254 petition, the Fourth Circuit Court of Appeals must give the Petitioner authorization to file a successive habeas petition before it can be considered by the Court. Sevilla-Briones v. Woods, No. 3:19-cv-00047-FDW (W.D.N.C.) at Doc. 7.

On January 28, 2020, the Petitioner filed the present habeas petition, which constitutes his third habeas petition challenging his 2013 conviction. [Doc. 1]. On February 3, 2020, the Court dismissed the Petitioner's petition on the grounds that he failed to demonstrate that the Fourth Circuit Court of Appeals authorized him to file a successive habeas petition. [Doc. 3].[2] Although the Petitioner never paid the filing fee or filed a motion to proceed in forma pauperis, the Court "granted in forma pauperis status for the purpose of § 2254 Rule 4 review only[.]" [Id. at 2].

---

[2] The Honorable Frank D. Whitney presiding. On April 24, 2020, this matter was reassigned to the undersigned.

2

Case 3:20-cv-00059-MR   Document 15   Filed 11/10/20   Page 2 of 4

The Petitioner has filed several new motions on the docket of this case after the Court dismissed his habeas petition. [Doc. 5; Doc. 7; Doc. 8; Doc. 9; Doc. 10' Doc. 12; Doc. 14]. None of those motions establish that the Fourth Circuit Court of Appeals has given the Petitioner authorization to file a successive habeas petition.[3] Because the Petitioner's habeas petition has already been dismissed, there is no case properly before this Court. Accordingly, the Petitioner's motions will be denied.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

---

[3] While the Petitioner filed an Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 5] and a Motion to Proceed in Forma Pauperis, [Doc. 10], the Court has already granted the Petitioner in forma pauperis status for the purpose of § 2254 review.

3

# O R D E R

**IT IS, THEREFORE, ORDERED** that:

(1) The Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 5] is **DENIED**;

(2) The Petitioner's "Petition for Removal of Procedural Judgments" [Doc. 7] is **DENIED**;

(3) The Petitioner's Motions to Amend his Petition for Habeas Corpus [Doc. 8; Doc. 9] are **DENIED**;

(4) The Petitioner's Motion to Proceed in Forma Pauperis [Doc. 10] is **DENIED**;

(5) The Petitioner's Motion for Appointment of Counsel [Doc. 12] is **DENIED**; and

(6) The Petitioner's Motion for Stay [Doc. 14] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED**.

Signed: November 10, 2020

Martin Reidinger
Chief United States District Judge